State of N.Y. ex rel. Grabcheski v American Intl. Group, Inc. (2022 NY Slip Op 02102)





State of N.Y. ex rel. Grabcheski v American Intl. Group, Inc.


2022 NY Slip Op 02102


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 104125/12 Appeal No. 15607-15607A Case No. 2021-02809, 2021-02812 

[*1]State of New York ex rel. Alex Grabcheski, Plaintiff-Appellant,
v
American International Group, Inc., et al., Defendants-Respondents.


Russo PLLC, New York (Robert Sidorsky of counsel), and Washington Global Law Group PLLC, Washington, DC (Max F. Maccoby of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (William A. Burck of counsel), for American International Group, Inc., respondent.
Kobre & Kim LLP, New York (Leif T. Simonson of counsel), for AIA Group Limited, respondent.



Orders, Supreme Court, New York County (John J. Kelley, J.), entered June 8, 2021 and June 9, 2021, which granted the motions of defendants American International Group, Inc. (AIG) and AIA Group Limited (AIAGL) (together, defendants), to dismiss the amended complaint with prejudice, unanimously affirmed, without costs.
In the amended complaint, which asserts causes of action under the New York False Claims Act, State Finance Law §§ 187 et seq. (the NYFCA), relator alleges that from 2007 until March 2009, the approximate month that AIG terminated his employment, he was the Worldwide Director of Human Resources for Group Management Division (GMD), a unit of AIG. According to relator, all GMD personnel were transferred to nonparty DELAM Global Benefits Network, LLC before he was fired in March 2009.
The first cause of action, in which relator seeks to recover unpaid taxes allegedly owed by defendants under State Finance Law § 189(1)(g), fails to state a claim. Even if defendants were engaged in the insurance business and were thus obliged to pay franchise taxes, the amended complaint does not sufficiently plead, as it must, that defendants made a material false statement. Although the amended complaint alleges that nonparty American Life Insurance Company (ALICO), a Delaware company and a subsidiary of AIG at the time, made a false statement to the New York State Insurance Department (now the New York State Department of Financial Services), the allegations are insufficient to pierce ALICO's corporate veil so as to render AIG responsible for ALICO's statement (see Wallace ex rel. Cencom Cable Income Partners II, L.P. v Wood, 752 A2d 1175, 1184 [Del Ch 1999]). As to AIAGL's allegedly false statement in its IPO prospectus, stating that it had sold insurance or offered insurance services only in the Asia Pacific markets, that statement was directed not to New York State, but to investors buying AIAGL shares on the Hong Kong Stock Exchange, where AIAGL's IPO took place. As a result, the statement is not material for the purposes of § 189(g)(1) and thus cannot support a cause of action under that section (see Grabcheski v American Intl. Group, Inc., 687 Fed Appx 84, 87 [2d Cir 2017]; see generally State of New York ex rel. Seiden v Utica First Ins. Co., 96 AD3d 67, 71 [1st Dept 2012], lv denied 19 NY3d 810 [2012] [NYFCA follows the federal False Claims Act and therefore it is appropriate to look toward federal law when interpreting NYFCA].
Likewise, the second cause of action, in which relator seeks to recover damages under State Finance Law § 191 for the alleged retaliation he suffered after he reported that AIG was engaged in the unlicensed operation of an insurance business, fails to state a claim, since it does not sufficiently plead that AIG was relator's employer when it is said to have retaliated against him. On the contrary, as noted above, the amended complaint alleges that in 2009, all personnel of GMD were transferred to DELAM Global Benefits [*2]Network; therefore, before his termination in March 2009, relator was an employee of DELAM Global Benefits, not AIG. Even assuming that the transfer of GMD personnel to DELAM Global Benefits occurred after relator was terminated, he still would not have been an AIG employee during the relevant period, since he maintains on appeal that from 2007 to 2008, GMD's New York sales staff and its president were moved to the payroll of nonparty American General Life Insurance Co.
Furthermore, the amended complaint does not allege that AIG paid relator any remuneration after GMD was taken off AIG's payroll code during the 2007 through 2008 period; at most, the amended complaint alleges that AIG paid compensation to GMD sales personnel, but relator was not a member of sales personnel. Because relator received no remuneration from AIG, the inquiry ends, and it is not necessary to reach the 13-factor test articulated in Community for Creative Non-Violence v Reid (490 US 730, 751-752 [1989]) to determine whether relator was an AIG employee (see Knight v State Univ. of New York at Stony Brook, 2014 WL 4639100, *2, 2014 US Dist LEXIS 130508, *5 [ED NY, Sept. 16, 2014, No. 13-cv-0481 (JS/GRB)].
We also reject relator's contention that even if AIG was not his actual employer, it was his joint employer — that is, that AIG and GMD handled certain aspects of their employer-employee relationship jointly (see Lawrence v International Bus. Mach. Corp., 2017 WL 3278917, *4, 6, 2017 US Dist LEXIS 120804, *11, 15-17 [SD NY, Aug. 1, 2017, 12-cv-8433 (DLC)]). Although relator alleges that AIG fired him, this allegation, standing alone, is insufficient to plead that AIG was relator's employer, as there is no allegation that AIG exercised immediate control over GMD's employees or controlled its labor relations (see id., 2017 WL 3278917 at *6, 2017 US Dist LEXIS 120804, *16; Service Employees Intl. Union, Local 32BJ v National Labor Relations Bd., 647 F3d 435, 442-443 [2d Cir 2011]).
Finally, we reject relator's contention that he is an AIG employee under a veil-piercing theory. No matter which entity, DELAM Global Benefits or American General Life Insurance was relator's employer, he would have to pierce their corporate veils under either Delaware or Texas law, as DELAM Global Benefits is organized under Delaware Law and American General Life Insurance is organized under Texas law. The veil-piercing allegations of the amended complaint, however, are insufficient under the laws of either state (see e.g. Manichaean Capital, LLC v Excela Tech., Inc., 251 A3d 694, 706-707, 713-715 [Del Ch 2021]; Renate Nixdorf GmbH & Co. KG v TRA Midland Props., LLC, 2019 WL 92038, *5, 2019 Tex App LEXIS 26, *12-14 [Jan. 3, 2019, No. 05-17-00577-cv], review denied 2019 Tex LEXIS 498 [May 24, 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022